Nelson, J.,
delivered tbe opinion of tlie court:
Samuel and R. L. Scruggs obtained judgment for $75.93 and costs, before a. justice, against Bransford Boyd and A. L. Boyd, tbe makers, and W. R. Brown and Walker Phillips, tbe assignees, of a promissory note for seventy-five dollars, bearing date September 14, 1859, and due on or before tbe first day of March next ensuing, payable to John Johnson. Johnson seems to have indorsed the note to Brown, and Brown to have assigned it in due form to Walker Phillips, by whom it was also assigned to plaintiffs. These assignments arc without date, but written upon the note.
On the 22d of June, 1860, the justice issued an execution, which was levied by a constable, 22d of June, 1860, on the land of Bransford Boyd. Tbe papers were, probably, returned to tbe circuit court, and the land condemned to he sold at the August term, 1860, of the circuit court of Putnam county. Such, at least, is the averment in the petition for certiorari, although the order of condemnation does not appear in the record. It may' also, be inferred, from the allegations in tbe petition and tbe recitals in tbe execution, that nothing was made by the proceedings against the land, which was sold to satisfy eight prior orders of sale. On the 8th of November, 1865, an execution was issued from the circuit court against the- defendants in the justice’s judgment for the amount thereof, with interest and costs; and, on the 14th of November, 1865, W. R. Brown, one of tlie defendants, presented his petition to ITou. W. W. Goodpasture, judge of the fifth circuit, *822 for writs of certiorari and supersedeas, and obtained from bim a fiat, in tlie usual form, for writs as prayed for in the petition, on the petitioner -executing bond, etc. Bond was executed and the petition filed on the same day, and on the next day a writ of supersedeas was issued (15th of November, 1865). It does not appear that any writ of certiorari was, in fact, issued, but the b-o-nd for certiorari is in due form, and the papers appear to have been regularly filed in the circuit comrt.
At the December term, 1865, the plaintiffs moved the court to dismiss the petition, but their motion was overruled, and at the August term, 1866, the cause was submitted to a jury, who found “the matters in controversy in favor of the defendant.” Before, the jurors were impaneled, the plaintiff, as the record states, moved “to call the defendant out and take judgment against him for want of a written plea, which motion was overruled by the- court.” Judgment was rendered against the plaintiffs for costs, and failing to obtain a new trial, they tendered their bill of exceptions and appealed to this court.
From the bill of exceptions and the charge of the court it seems that the only question submitted to the jury was the question of fact as to whether proper steps had been taken by the plaintiffs, by demand and notice, to fix the liability of Brown, as indorser; and, it not appearing in proof that any demand was made, or notice given, the jury found the matter in controversy for the defendant. It is now insisted for the plaintiffs that the court below erred in refusing to- dismiss the petition for writs- of certiorari and supersedeas, and that all subsequent proceedings in the circuit court were, erroneous.
The petitioner alleges, in substance, that the noté was transferred before its maturity; that h.e never had notice of its nonpayment; that the makers were solvent at the dates of the judgment and execution; that petitioner “has no recollection of ever having been notified of said trial *823 or judgment, although the warrant appears to have been returned executed;” that lie was “taken completely by surprise” when the execution was issued from the circuit court, and levied on his property; and that said petitioner “would have seen to his interest long since but for his want of knowledge of the existence of said liability.” The petitioner, in his prayer, “asks for a writ of supersedeas to bring up said execution that the same may be quashed; and for writs of certiorari that said judgment be inquired into and corrected, as he never was cited to trial, as he now best recollects.”
Am agreement, signed by the counsel for both parties, is set out in the bill of exceptions to the effect that J. C. Fletcher, the officer who executed the warrant, would, if present and sworn as a witness, testify that he duly executed the warrant on defendant, Brown, and the defendant’s counsel admitted upon the trial “that the warrant was duly executed upon the defendant, as shown by the return of the officer.” In view of this admission and the allegations in the petition, the counsel for plaintiffs requested the court to instruct the jury that the only question for their consideration was “whether Brown had been lawfully summoned before the justice or not;” and that they could look to the merits, or consider the questions of presentation, demand, and notice; but His Honor refused to so instruct the jury, and submitted these questions, with proper instructions, to their consideration.
Although the certiorari is, under the constitution, preeminently a writ of right, it has always been held in this state that the petition should show merits and sufficient cause for not appealing; and, in this case, we. hold that the petition does not show sufficient cause. The mere statement that the petitioner did not, after the lapse of more than live year’s, “recollect” whether the officer had served the warrant, when opposed to the official return, made under the oath of the officer, showing that the warrant was *824 executed, is not, in point of fact, a denial of the truth of the return. It may be, and, doubtless, is, true that the constable duly executed the warrant, and that the defendant bad forgotten the circumstance, but his forgetfulness is not “sufficient cause” within the meaning of the constitution, the Code, or any reported case of which wa are advised. The reason assigned, however, loses all its force in this case when wa look to the solemn admission made during the progress of the cause, that “the war-rant was duly executed upon the defendant, as shown by the return of the officer.” "While we do not reverse the cases in which it has been held that counter affidavits cannot be looked to for the purpose of disproving the truth of the facts stated in the petition, we cannot hold that there was sufficient cause for not appealing, with a record staring us in the face and declaring the admission of the defendant himself, made by his counsel, that he had no cause whatever for not appealing, and that the impression intended to be created by the petition that process was not seawed, was, in fact, untrue. The statement in the petition itself, is, to say the least of it, equivocal, and, therefore, insufficient, according to Gillam v. Looney, decided at our last term in Knoxville. [Subsequently published in 1 Heis., 319.]
The petition in this case contains no prayer for a new trial. It simply prays that “the judgment may be inquired into and. corrected, as he never was cited to trial, as he now best recollects.” Although the facts are stated that demand was not made and notice not given, the leading object of the petition seems to have been, not to obtain a new trial on the merits, but to use the certiorari and supersedeas for the purpose of annulling the judgment and quashing the execution for the want of jurisdiction in the justice, growing out of the alleged failure to serve process. The defendant shifted his ground entirely in the circuit court, abandoned the question of jurisdiction, and obtained a new trial on the merits, and we held that this was error within *825 one of tlie principles declared at tbe present term, in Noel v. Scoby [subsequently published in 2 Heis., 20], and according to Hollins v. Johnson, 3 Head, 347.
The views announced upon these questions are decisive of the case, and dispense with the necessity of determining other interesting questions raised in argument.
Reverse the judgment, and render the proper judgment here for the amount of debt, interest, and damages, as prescribed by law, and also for costs.